United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW GARCIA,

Plaintiff,

v.

J MCKENZIE, et al.,

Defendants.

Case No. 25-cv-04528-PCP

**ORDER DISMISSING COMPLAINT IN PART AND SERVING COMPLAINT IN PART**

Andrew Garcia filed a *pro se* civil rights action under 42 U.S.C. § 1983 regarding events that occurred at the Correctional Training Facility in Soledad, California. Dkt. No. 1 ("Complaint"). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A, and concluded that Mr. Garcia had stated a cognizable Eighth Amendment claim against two defendants. *See* Dkt. No. 12 at 3, 6. The Court gave Mr. Garcia the chance to amend his claim(s) as to the other named defendants. *See id*.

Mr. Garcia has notified the Court that he wishes to proceed only on the cognizable Eighth Amendment claim against defendants McKenzie and Hernandez. Dkt. No. 14. The Court accordingly orders defendants McKenzie and Hernandez to respond to Mr. Garcia's Eighth Amendment claim, and dismisses all other claims and defendants.

**Conclusion**

1. Liberally construed, Mr. Garcia states an Eighth Amendment claim against defendants McKenzie and Hernandez. All other claims and defendants are DISMISSED WITHOUT LEAVE TO AMEND.

2. The Court orders service of the Complaint on defendants Correctional Officers J. McKenzie and E. Hernandez at the Correctional Training Facility and orders them to respond to

Mr. Garcia's Eighth Amendment claim. Service on defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: a CDCR Report of E-Service Waiver form, a summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), a copy of the Court's prior order (Dkt. No. 12), and a copy of this order of service. The Clerk also shall serve a copy of this order on Mr. Garcia.

3. No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a Completed CDCR Report of E-Service Waiver advising the Court whether defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS"), or whether defendants declined to waive service or could not be reached.

4. CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for each defendant who is waiving service.

5. If any defendant does not waive service, then upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon any non-waiving defendant. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. No later than **ninety-one (91) days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the Complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the

summary judgment motion is due.

b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that a plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

c. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

7. Mr. Garcia's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Mr. Garcia is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

8. Defendants **shall** file a reply brief no later than **fourteen (14) days** after Mr. Garcia's opposition is filed.

9. All communications by Mr. Garcia with the Court must be served on defendants or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Mr. Garcia is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

11. It is Mr. Garcia's responsibility to prosecute this case. Mr. Garcia must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

United States District Court
Northern District of California

Civil Procedure 41(b).

The Clerk shall update the docket to reflect that only defendants McKenzie and Hernandez remain in this action.

**IT IS SO ORDERED.**

Dated: July 28, 2026

P. Casey Pitts
United States District Judge